ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   -v.-

SANDEEP AGGARWAL,

              Defendant.

- - - - - - - - - - - - - - - - -X

**Judge McMahon**

INFORMATION

13 Cr. ___ (CM)

**13 CRIM 884**

### COUNT ONE
(Conspiracy to Commit Securities Fraud)

The United States Attorney charges:

**Relevant Individuals and Entities**

1. At all times relevant to this Information, a financial advisory firm based in London with United States headquarters in New York, New York (the "Research Firm") provided investment research, among other services, to hedge funds and other financial industry clients.

2. Between in or about April 2008 up through in or about March 2010, SANDEEP AGGARWAL, the defendant, was employed as the senior internet analyst at the Research Firm. AGGARWAL provided investment research to clients in return for commissions earned by the Research Firm from securities trades it made on behalf of those clients.

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 0 8 2013

3. At all times relevant to this Information, Microsoft Corporation ("Microsoft") was a technology company whose stock traded on the Nasdaq Stock Market under the ticker symbol "MSFT." Further, at all times relevant to this Information, Microsoft's policies prohibited the unauthorized disclosure of Microsoft's material nonpublic information.

4. At all times relevant to this Information, SANDEEP AGGARWAL, the defendant, was friends with an executive in Microsoft's internet search business (the "Microsoft Insider").

5. At all times relevant to this Information, Yahoo! Inc. ("Yahoo") was an internet search firm whose stock traded on the Nasdaq Stock Market under the ticker symbol "YHOO."

6. At all times relevant to this Information, Richard Lee, a co-conspirator not named as a defendant herein, was a portfolio manager at S.A.C. Capital Advisors, L.P., which was part of a group of affiliated hedge funds with offices in Stamford, Connecticut, and New York, New York (collectively, "SAC Capital").

**The Insider Trading Scheme**

7. From at least in or about March 2009 up through and including in or about July 2009, SANDEEP AGGARWAL, the

2

defendant, along with others known and unknown, conspired to engage in insider trading. In furtherance of the conspiracy, AGGARWAL and his co-conspirators participated in a scheme to defraud by obtaining material, nonpublic information from Microsoft (the "Inside Information"), and then providing the Inside Information to clients of the Research Firm, including SAC Capital and other hedge funds, for the purpose of executing securities trades based in whole or in part on such information.

8. The Inside Information obtained by SANDEEP AGGARWAL, the defendant, consisted of, among other things, information about the status of negotiations between Microsoft and Yahoo concerning a strategic partnership in internet search and advertising that was formally announced on July 29, 2009. The Inside Information was obtained in breach of: (i) fiduciary and other duties of trust and confidence; (ii) expectations of confidentiality; and (iii) written policies of Microsoft regarding the safeguarding of inside information.

9. On various occasions between March 2009 and July 2009, the head of sales at the Research Firm (the "Head of Sales") and a senior sales executive at the Research Firm (the "Senior Sales Executive") arranged meetings and telephone calls between themselves, SANDEEP AGGARWAL, the defendant, and clients

3

of the Research Firm. The purpose of these meetings and telephone calls was to facilitate the transmission of information about the Microsoft-Yahoo deal talks, including but not limited to the Inside Information. During certain of these meetings and telephone calls, AGGARWAL stated that he had multiple contacts through his prior employment at Microsoft, including a senior executive in Microsoft's internet search division (referring to the Microsoft Insider), who provided AGGARWAL with information.

10. On or about the evening of July 9, 2009, SANDEEP AGGARWAL, the defendant, spoke to the Microsoft Insider by telephone. During that conversation, the Microsoft Insider told AGGARWAL, in substance and in part, that he had just returned from vacation and learned that the Microsoft-Yahoo deal talks were "heating up," and that there was a heightened level of seriousness in the discussions. The Microsoft Insider further told AGGARWAL that Microsoft's early success with its own internet search engine had prompted a desire on Yahoo's part to secure a partnership agreement with Microsoft.

11. On the morning of July 10, 2009, SANDEEP AGGARWAL, the defendant, discussed with the Head of Sales and the Senior Sales Executive the information he had learned on the

4

call the previous night with the Microsoft Insider. The Head of Sales and the Senior Sales Executive then arranged for AGGARWAL to speak to certain clients of the Research Firm. Later that morning, SANDEEP AGGARWAL, the defendant, spoke to representatives of SAC Capital, including Richard Lee, and representatives of other hedge funds. During some of these conversations, AGGARWAL stated, in substance and in part, that he had learned from his Microsoft internet search contact that a search partnership between Microsoft and Yahoo in the near-term was now more likely.

12. On July 10, 2009, following the conversations described in paragraph 11, the portfolios managed by certain portfolio managers, including Richard Lee, to whom SANDEEP AGGARWAL, the defendant, provided the Inside Information, purchased shares of Yahoo securities. That day Yahoo common stock closed at approximately $14.93 per share.

13. On or about the evening of July 16, 2009, a press report was posted on the internet that discussed the negotiations between Yahoo and Microsoft (the "July 16 Press Report"). The July 16 Press Report stated, in substance, that a search and online advertising deal may be struck between Yahoo

5

and Microsoft and that the deal could be announced within the next week.

14. On or about July 17, 2009, the first trading day after the release of the July 16 Press Report, Yahoo's stock price closed at $16.84 per share, an increase of approximately four percent from the prior day's closing price. Following the July 16 Press Report, the portfolios managed by certain of the portfolio managers, including Richard Lee, who had conversations on July 10, 2009 with SANDEEP AGGARWAL, the defendant, sold Yahoo stock and generated substantial profits.

### Statutory Allegations

15. From in or about March 2009 up through and including in or about July 2009, in the Southern District of New York and elsewhere, SANDEEP AGGARWAL, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

16. It was a part and an object of the conspiracy that SANDEEP AGGARWAL, the defendant, and others known and

unknown, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon any person, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

**Means and Methods of the Conspiracy**

17. Among the means and methods by which SANDEEP AGGARWAL, the defendant, and his co-conspirators would and did carry out the conspiracy were the following:

7

a. While working for the Research Firm, AGGARWAL obtained Inside Information from the Microsoft Insider that had been disclosed or misappropriated in violation of duties of trust and confidence.

b. While working for the Research Firm, AGGARWAL provided the Inside Information to certain Research Firm clients for the purpose of causing those clients to execute securities transactions based in whole or in part on the Inside Information.

**Overt Acts**

18. In furtherance of the conspiracy, and to effect the illegal object thereof, SANDEEP AGGARWAL, the defendant, and his co-conspirators committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a. On or about June 24, 2009, AGGARWAL met with a portfolio manager at SAC Capital in New York, New York.

b. On or about July 10, 2009, AGGARWAL spoke on the telephone with Richard Lee.

c. On or about July 10, 2009, Lee caused his portfolio to purchase Yahoo securities.

(Title 18, United States Code, Section 371.)

for the purpose of executing and causing them to execute securities transactions.

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Sections 240.10b-5 and
240.10b5-2, and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

21. As a result of committing the offenses of conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count One), and securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2 (Count Two), SANDEEP AGGARWAL, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to the following:

### Money Judgment

a. At least a sum of money in United States currency which was derived from proceeds traceable to the commission of the securities fraud offenses.

## COUNT TWO
(Securities Fraud)

19. The allegations set forth in paragraphs 1 through 14, 17 and 18 are repeated and re-alleged as if set forth fully herein.

20. In or about July 2009, in the Southern District of New York and elsewhere, SANDEEP AGGARWAL, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, AGGARWAL provided material, nonpublic information regarding a transaction between Microsoft and Yahoo to hedge fund portfolio managers,

## **Substitute Assets Provision**

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981; Title 28, United States Code, Section 2461; Title 18, United States Code, Section 371; Title 15, United States Code, Sections 78j(b) and 78ff; and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2).

_____
PREET BHARARA
United States Attorney